UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-00152-BR

| | |
|---|---|
| SUSAN S. WEBB, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF DON WEBB, et al., | |
| Plaintiffs, | ORDER |
| v. | |
| MURPHY-BROWN, LLC, | |
| Defendant. | |

This matter is before the court on plaintiffs' consent motions to seal exhibits filed at docket entries 59 and 64. (DE ## 60, 65.)

## I. BACKGROUND

This action involves, in part, private nuisance claims brought on behalf of minor plaintiffs. (See DE # 58, at 1.) A guardian ad litem has been appointed for the minors and the parties have reached a settlement resolving the minors' claims. (Id.) On 17 and 18 March 2021, plaintiffs filed consent motions for approval of the two minor settlements. (DE ## 57, 62.) Plaintiffs also filed consent motions to seal one exhibit in support of each motion for approval (the "Exhibits"). (DE ## 60, 65.) On 23 March 2021, the court provided public notice of the requests to seal the Exhibits and of the public's right to object within fourteen days. (DE # 68.) To date, no objections have been filed.

## II. DISCUSSION

"[C]ourts of this country recognize a general right to inspect and copy public records and documents," but this right is not absolute. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). Thus, when a party files a motion to seal a document, the court must: (1) determine if

there is a public right of access to the document; (2) give the public notice of the request and a reasonable opportunity to object; and (3) "consider less drastic alternatives to sealing." Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988); see also In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013) [hereinafter In re Section 2703(D)]; In re Knight Publ'g Co., 743 F.2d 231, 234 (4th Cir. 1984).

Accordingly, the court must comply with certain procedural requirements before sealing a document. See In re Knight Publ'g Co., 743 F.2d at 235–36. The court must give the public notice of the request and "a reasonable opportunity" to object. Stone, 855 F.2d at 181 (citing In re Knight Publ'g Co., 743 F.2d at 235). That is, the court must "docket it 'reasonably in advance of deciding the issue.'" Stone, 855 F.2d at 181 (quoting In re Knight Publ'g Co., 743 F.2d at 235). Additionally, the court "must consider less drastic alternatives to sealing and, if it decides to seal documents, must 'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing.'" Id. (quoting In re Knight Publ'g Co., 743 F.2d at 235).

Here, the court has complied with the notice requirements set out by Knight. The motions to seal were filed on the public docket on 17 and 18 March 2021. (DE ## 60, 65.) On 23 March 2021, the court also filed a notice to the public, instructing that any objection to the motions to seal shall be filed by 2 April 2021. (DE # 68.) Thus, the motions were docketed, and notice provided, "reasonably in advance of" the date of this decision. See Stone, 855 F.2d at 181.

Turning to the substantive considerations, the public right of access to a document may attach under common law or the First Amendment. In re Section 2703(D), 707 F.3d at 290; In re

2

Knight Publ'g Co., 743 F.2d at 234.  For either right of access to attach, the document must constitute a "judicial record."  In re Section 2703(D), 707 F.3d at 290 (citing Baltimore Sun Co. v. Goetz, 886 F.2d 60, 63–64 (4th Cir. 1989)).  A judicial record is one which "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights."  Id.  "[T]he common law presumes a right to access all judicial records and documents."  Id.  "[T]his presumption can be rebutted if 'the public's right of access is outweighed by competing interests.'"  Id. (quoting In re Knight Publ'g Co., 743 F.2d at 235); see also Stone, 855 F.2d at 180; Hogan v. Buck, No. 4:17-CV-170, 2019 U.S. Dist. LEXIS 123831, at *4 (E.D.N.C. July 25, 2019).  "Courts have held that documents reviewed in connection with a motion for court approval of a settlement constitute 'judicial records' and are subject to the common law right of access."  Mears v. Atl. Southeast Airlines, Inc., No. 5:12-CV-613, 2014 U.S. Dist. LEXIS 142571, at *5 (E.D.N.C. Oct. 7, 2014) (citation omitted).

Here, the Exhibits contain dollar amounts allotted to the two minors from the settlement funds, less the proposed attorneys' fees.  The Exhibits also identify third-party individuals who reviewed the proposed minor settlements and contain information pertaining to the bellwether trials, all of which is publicly available.  The public has no interest in accessing the minor plaintiffs' confidential financial information.  As such, "[c]ourts have repeatedly held that minors' privacy interests in medical and financial information, . . . overcome the common law right of access in granting motions to seal."  Id. at *7 (collecting cases); see also Monroe v. Taurus Holdings, Inc., No. 5:17-CV-604, 2019 U.S. Dist. LEXIS 183786, at *2 (E.D.N.C. Oct. 24, 2019).  The same is true in this case.

A First Amendment right of access attaches "only to *particular* judicial records and documents" which satisfy the "experience and logic test," In re Section 2703(D), 707 F.3d at

3

290–91 (emphasis in original) (citations omitted), such as motions for summary judgment and documents submitted therewith, Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). Some courts have applied the First Amendment presumption of access to settlement agreements reviewed in connection with motions for approval of minor settlements. Mears, 2014 U.S. Dist. LEXIS 142571, at *8. The First Amendment presumption of access "may be denied if there is a compelling government interest and the denial is narrowly tailored to serve that interest." Id.; see also In re Section 2703(D), 707 F.3d at 290 (quoting Va. Dep't of State Police, 386 F.3d at 575). As discussed above, no public interest is served or public oversight furthered by disclosing the financial information of minors. Instead, the minors may be exposed to scrutiny as a result of the information being released, and the court has a compelling interest in protecting the sensitive information of minors. See Mears, 2014 U.S. Dist. LEXIS 142571, at *5, 9 ("Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule 17.1(c) exist for the specific purpose of protecting the privacy of litigants, particularly minor litigants, in publicly-filed court documents."). Thus, "[c]ourts have held that compelling governmental interests require the sealing of documents relating to minors in general . . . ." Id. at *9; see also Hogan, 2019 U.S. Dist. LEXIS 123831, at *6; Monroe, 2019 U.S. Dist. LEXIS 183786, at *2; 360 Mortg. Group, LLC v. Stonegate Mortg. Corp., No. 5:14-CV-00310, 2016 U.S. Dist. LEXIS 68694, at *23–24 (E.D.N.C. May 25, 2016).

Having determined compelling interests—protecting the financial information of minors—exist for sealing, the court turns to whether plaintiffs' request is narrowly tailored. Id. at 24. They seek to seal only one exhibit associated with each motion for approval of a minor settlement. That document contains the proposed amount of settlement funds to be distributed to the relevant minor. Although the minors are identified by their initials, their parents are also

plaintiffs in the case. Thus, use of the minor's initials does not provide adequate protection for their identity and confidential financial information. See Mears, 2014 U.S. Dist. LEXIS 142571, at *11. As such, sealing is necessary in this case to protect the minors' sensitive financial information and plaintiffs' request is narrowly tailored to serve that interest. See Monroe, 2019 U.S. Dist. LEXIS 183786, at *2. Having considered less drastic alternatives to sealing, the court finds the minors' privacy interests outweigh the public's common law right of access, as well as any First Amendment right, to the Exhibits.

### III. CONCLUSION

Plaintiffs' consent motions to seal the exhibits filed at docket entries 59 and 64, (DE ## 60, 65), are GRANTED.

This 9 April 2021.

_____
W. Earl Britt
Senior U.S. District Judge